UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ROBERTO DAVID
GUTIERREZ TOVAR,

      Petitioner,

v.

TODD LYONS, et al.,

      Respondents.

No. 1:26-CV-235-H

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Roberto David Gutierrez Tovar, a native and citizen of Mexico, is one such alien, having illegally entered the United States at least 10 years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the Fifth Amendment's Due Process Clause. Dkt. No. 1.

The Court recognizes the extensive letters of support filed in support of Gutierrez Tovar's petition. But the Court only determines what the law requires. And the law is clear: as an alien present in the United States without admission, he is subject to mandatory detention. *Buenrostro-Mendez*, 166 F.4th at 498 (discussing 8 U.S.C. § 1225(a)(1), (b)(2)(A)). Moreover, the Fifth Amendment's Due Process Clause does not require that illegal aliens receive a bond hearing.

Because the legal arguments and facts presented in the petition are either meritless or otherwise indistinguishable from those addressed in the Court's prior decisions denying

relief, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243. Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The petition (Dkt. No. 1) is denied.

### 1.    Background

Gutierrez Tovar's petition is lacking in almost any factual detail. However, this much is clear: At some point in the past—at least 10 years ago—Gutierrez Tovar entered the United States without inspection and is currently in removal proceedings. *See* Dkt. No. 1 at 8.[1] Last month, ICE detained Gutierrez Tovar and placed him in custody at the Bluebonnet Detention Facility in Anson, Texas. *Id.* at 2, 8.

It is unclear whether Gutierrez Tovar has sought a bond hearing. But any such effort would be futile in light of the Board of Immigration Appeals' recent opinion in *Matter of Yajure Hurtado*, holding that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).

Gutierrez Tovar instead petitions for a writ of habeas corpus. Dkt. No. 1. The petition states one claim for relief: that the respondents' continued detention without an individualized hearing violates due process. *Id.* at 3.

### 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

---

[1] Gutierrez Tovar's petition states that he "has resided in the United States for more than ten (20) years." Dkt. No. 1 at 2. The scant petition fails to offer any other allegations clarifying the length of Gutierrez Tovar's time in the United States.

Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 3.   Analysis

Once again, while the Court recognizes the letters offered in Gutierrez Tovar's support, this case centers on what the law requires and not whether some policy should be enacted to his benefit. Courts are not "superlegislature[s]" that "judge the wisdom or desirability of legislative policy determinations" that are otherwise in accordance with law. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976). Such matters belong to the American people, by and through their representatives in Congress, and through the execution of law by their duly elected President.

The Court has considered this exact due process claim in numerous prior cases.[2] Nevertheless, the Court considers the arguments raised in Gutierrez Tovar's petition to determine whether he is entitled to release or a bond hearing as a matter of due process. The petition raises a claim under procedural due process, but to the extent Gutierrez Tovar

---

[2] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 814 F. Supp. 3d 747 (N.D. Tex. 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

raises a substantive due process claim, the Court considers that as well. Either way, he is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g., Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."

-4-

*Id.* at 526.  Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim fares no better.  As an "applicant for admission," Gutierrez Tovar has "only those rights regarding admission that Congress has provided by statute."  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative.").  With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission.  "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded."  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).  No part of the statute "says anything whatsoever about bond hearings."  *Id.*  Accordingly, Gutierrez Tovar is not entitled to a bond hearing as a matter of procedural due process.

**4.    Conclusion**

In short, Gutierrez Tovar, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).  *Buenrostro-Mendez*, 166 F.4th at 498.  And the Due Process Clause does not require a bond hearing in these circumstances.  Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on June 2, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE